**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| BRUCE ARNOFF, | ) CASE NO.   1:22-cv-00375 |
| Petitioner, | ) JUDGE DAVID A. RUIZ |
| v. | ) |
| KENNETH BLACK, Warden, | ) |
| | ) **ORDER** |
| Respondent. | ) |

Petitioner Bruce Arnoff (hereinafter "Petitioner" or "Arnoff"), filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 7, 2022 (R. 1) along with numerous non-dispositive motions. (R. 3, 4, 5, 6, 7, 8, 9, 10).[1] In May of 2022, Petitioner filed motions for default judgment and summary judgment. (R. 14 & 15). Thereafter, Petitioner filed an Amended Petition on May 31, 2022. (R. 17). The matter was automatically referred to Magistrate Judge Carmen E. Henderson pursuant to Local Rule 72.2 on June 8, 2022.

On June 23, 2022, in an omnibus order, the Magistrate Judge denied the aforementioned motions. (R. 26). Thereafter, Petitioner filed a "Motion to be heard by a Judge" (R. 28) and "Objection to dismissal of motions." (R. 29). The Respondent has filed an opposition and response. (R. 33 & 34).

---

[1] Many of these motions were essentially discovery related motions, which were premature given that Respondent had not yet had an opportunity to file his Answer/return of Writ. The Magistrate Judge correctly denied the discovery motions as premature. (R. 26, PageID# 170).

First, "[d]efault judgments in habeas corpus proceedings . . . [and] the failure of the Office of the Attorney General of Ohio to file a timely return does not afford a basis for *instanter* relief." *Allen v. Perini*, 424 F.2d 134, 137 (6th Cir. 1970) (holding that default judgment has "no application in habeas corpus cases"), *cert. denied*, 400 U.S. 906 (1970); *accord Harris v. Warden, London Corr. Ins.*, No. 17-3944, 2018 U.S. App. LEXIS 15455, at *5 (6th Cir. Mar. 1, 2018) ("Default judgment is not generally available in habeas proceedings."); *King v. Kelly*, 2014 WL 3053183 at *1 (N.D. Ohio July 7, 2014) (Nugent, J.) ("The Sixth Circuit has made clear that default judgments are not available in habeas corpus proceedings."); *Mahaday v. Cason*, 222 F. Supp. 2d 918, 921-922 (E.D. Mich. 2002) (collecting cases). "Summary judgment is disfavored in federal habeas corpus proceedings, as it would be 'tantamount to granting Petitioner a default judgment which is relief that is unavailable' in such proceedings." *Howard v. Miller*, No. 5:14CV2710, 2016 WL 1047300, at *2 (N.D. Ohio Mar. 16, 2016) (Nugent, J.). To the extent summary judgment is available in habeas corpus cases, "it applies only to the extent that it does not conflict with § 2254 or the habeas rules." *Dellinger v. Mays*, No. 3:09CV104, 2018 WL 4102241, at *5 (E.D. Tenn. Aug. 28, 2018). The Court finds the Magistrate Judge's denial of the motions for default and summary judgment were correct.

At the very least, Plaintiff's motion for summary judgment before a full round of briefing is premature. Furthermore, it is unnecessary. The Magistrate Judge will issue the Report and Recommendation (R&R) after the Answer/Return of Writ and Petitioner's traverse have been filed. The Court, thereafter, will consider the R&R in light of any objections filed, and rule upon the petition. Thus, the briefing procedures in place essentially act like a *de facto* summary judgment briefing schedule and there is no need to file a separate summary judgment motion.

Finally, under 28 U.S.C. § 636 and Fed. R. Civ. P. 72, a Magistrate Judge is authorized to

rule directly upon non-dispositive motions. *See, e.g., Siler v. Webber*, No. 3:05-CV-341, 2009 WL 10680020, at *12 (E.D. Tenn. Apr. 21, 2009), *aff'd*, 443 Fed. App'x 50 (6th Cir. 2011) ("the Magistrate Judge has jurisdiction and authority under 28 U.S.C. § 636(b)(1)(A) to rule on … nondispositive motions." Therefore, the Magistrate Judge was perfectly within her authority to rule upon the aforementioned motions, and the Court finds no clear error in her decisions. *In re Dwight's Piano Co.*, No. 01-13951, 2008 WL 5428008, at *1 (S.D. Ohio Dec. 24, 2008) ("Because a magistrate judge is afforded broad discretion in the resolution of non-dispositive motions, the court will overrule the magistrate judge's determination only if this discretion is clearly abused.")

Petitioner is hereby notified that the continued filing of frivolous or premature motions or objections could result in the Court designating Petitioner a vexatious filer. At this point in the proceedings, Respondent still has until August 8, 2022 to file the Answer/Return of Writ. (R. 22). The record and documents accompanying such filing may well render many of Petitioner's discovery-related requests moot.

For the foregoing reasons, Petitioner's Motion to be heard by a Judge (R. 28) is DENIED and his objections (R. 29) are OVERRULED.

                                                 s/ *David A. Ruiz*
                                                 David A. Ruiz
                                                 United States District Judge

Date: July 20, 2022