**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| BRUCE ARNOFF, | ) | CASE NO.  1:22-cv-00375 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH BLACK, Warden, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | |

**INTRODUCTION**

Petitioner Bruce Arnoff (hereinafter "Petitioner" or "Arnoff"), filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 7, 2022. R. 1. Thereafter, Petitioner filed an Amended Petition on May 31, 2022. R. 17. On May 15, 2024, Magistrate Judge James E. Grimes submitted a Report and Recommendation (R&R) that Arnoff's petition be dismissed as untimely. R. 119. Arnoff then filed objections to the R&R (R. 120), to which Respondent responded. R. 121.

Subsequently, Arnoff has filed numerous motions (R. 122, 124, 125, 126, 129, 130, 133 and 135), to which Respondent has partially responded. R. 127 (opposition to motion for default judgment), R. 131 (opposition to motion for case management conference), R. 134 (opposition to motion for due process). Petitioner has replied in part. R. 128 (default judgment), R. 132 (case management conference). In addition, Petitioner's attorney moved to withdraw (R. 123), which the Court has granted via separate order.

For the following reasons, the Report and Recommendation that this petition be dismissed as untimely is accepted and this matter ordered dismissed. Finally, all other motions are denied as moot.

## BACKGROUND FACTS

The relevant facts pertaining to the R&R are summarized here, as the R&R contains a thorough description of the facts relevant to the underlying petition. After pleading guilty to multiple counts arising from Arnoff's hiring of another person to kill an acquaintance, Arnoff was sentenced to mandatory life imprisonment. R. 119, PageID#: 1408. He then filed a direct appeal raising two assignments of error, but when the Ohio appeals court overruled his assignments of error, he did not file a timely appeal with the Supreme Court of Ohio. *Id*., PageID#: 1409. Despite subsequently filing numerous motions with the Ohio courts—all of which were considered in detail in the Magistrate Judge's R&R—Arnoff did not establish a right to statutory tolling of the federal limitations period and the R&R determined his petition for federal habeas relief was untimely filed. *See, id*., PageID#: 1415.

In addition, as thoroughly analyzed in the R&R, Arnoff cannot establish that he is entitled to equitable tolling. *Id*., PageID#: 1417-18. More specifically in that regard, and as the R&R sets forth, Arnoff's contention that he was actually innocent, which he asserted was supported by several affidavits, "falls short" of what must be provided to sustain such a claim. *Id*., PageID#: 1421. In particular, as the R&R observed, the affidavits ignore the fact that Arnoff pleaded guilty, and that his guilty plea is presumed true. *Id*., PageID#: 1420.

In his objections to the R&R, Arnoff again raises the same arguments the he raised before the Magistrate Judge and which the Magistrate Judge rejected, that: (1) he is entitled to have the

limitations period start on a later date because he did not know the factual predicate of his claim, and (2) he is entitled to equitable tolling because he was inhibited from acting sooner due to his incarceration, ineffective assistance of counsel, lack of knowledge of prior counsel's errors, and limitations from acting *pro se*. R. 116, PageID# 1319; R. 119; R. 120, PageID#: 1428.

As the State observes in its response, neither argument is persuasive. First, the four stated reasons that Arnoff provides for why he could not timely discover the factual predicate of his claim all occurred before he pleaded guilty and years before the filing of the present habeas petition. R. 121, PageID#: 1444. Further, the Respondent contends that Arnoff waived any such grounds by entering the guilty plea. *Id.*

## ANALYSIS

When a magistrate judge submits a Report and Recommendation (R&R), the Court is required to conduct a *de novo* review of those portions of the R&R to which a proper objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Failing to file specific objections to an R&R, however, means the party will forfeit any challenge to unobjected to issues. *Shopar v. Gyllenborg*, 2019 WL 4843745, at *2 (6th Cir. 2019) (citations omitted). Further, the reviewing court is under no obligation to review *de novo* objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and the briefs. *United States v. Dawson*, 2020 WL 109137, at *1 (N.D. Ohio Jan. 9, 2020).

Here, as described above, Petitioner's objections are an attempt to simply re-argue the same issues that were presented to, analyzed by, and then rejected by the magistrate judge. The Petitioner sets forth no factual or legal grounds to overturn the R&R's thorough and well-reasoned findings and conclusions. In sum, Petitioner untimely filed his petition for federal habeas relief. He has not shown any reason for overturning the R&R's finding that he filed the

petition untimely, and that he cannot avail himself of either statutory or equitable tolling of the applicable limitations period that otherwise bars consideration of the petition.

## CONCLUSION

The Court, having reviewed the record and considered Petitioner's Objections to the R&R, agrees with and adopts the R&R (R. 119). The R&R is accepted, Petitioner's Objections are overruled, and the petition is DISMISSED for the reasons stated therein. Moreover, all of the motions filed subsequently to the submission of the R&R, with the exception of Petitioner's counsel's motion to withdraw (R. 123) which is considered separately, are DENIED as MOOT. *See*, R. 122, 124, 125, 126, 129, 130, 133 and 135. Furthermore, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: March 27, 2025